**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD RIEMER,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 6150 |
| | ) | |
| v. | ) | **Magistrate Judge** |
| | ) | **Jeffrey Cole** |
| **CHASE BANK USA , N.A.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff has moved to strike all thirteen of Chase Bank's affirmative defenses. Chase has withdrawn its first affirmative defense. The twelve remaining are:

2. Plaintiff's claims against Chase fail because there was no "unauthorized use" as that term is used and defined in 15 U.S.C. §1602(o); 12 C.F.R. §226.12(b)(1) n. 22, and other applicable law.

3. Plaintiff's claims against Chase fail because plaintiff knew or should have known of the charges posted to his account because he gave the credit card numbers to certain online merchants and authorized them to post charges to his account.

4. Plaintiff's claims against Chase fail because Chase neither knew nor should have known of any alleged wrongdoing of any other persons which may have caused any purported damages to plaintiff and which was out of Chase's control.

5. Plaintiff's claims against Chase fail because he failed to allege any cognizable damages resulting from Chase's alleged acts or omissions.

6. Plaintiff's damages, if any, were caused by his own actions, inaction or negligence, and/or the negligence of others.

7. Plaintiff's damages, if any, were not directly or proximately caused by Chase, but were the product of persons other than Chase.

8. Plaintiff's damages, if any, are limited by his comparative and/or contributory

negligence.

9. Plaintiff's claims against Chase are barred to the extent that plaintiff failed to comply with the requirements, terms and conditions of the Card Member Agreement.

10. Plaintiff failed to mitigate his damages.

11. Plaintiff's damages, if any, are barred to the extent of any loss caused by his failure to revoke the authorization he gave to certain online merchants with whom he allegedly ceased doing business.

12. Chase relies on any applicable defenses or counterclaims in the Truth in Lending Act.

13. Chase complied with the requirements of all applicable contracts, statutes and regulations.

As to the second, third, and fifth affirmative defenses, plaintiff argues that they are nothing more than naked denials of one of the elements of his claim under the Truth In Lending Act (TILA). As to the fourth affirmative defense, the plaintiff argues that Chase's lack of knowledge of any alleged wrongdoing is irrelevant. And, finally, the plaintiff contends that all the affirmative defenses should be stricken as "bare bones, conclusory allegations."

Pursuant to Rule 12(f), the court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009). "Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991). Being expressly subject to the "General Rules of Pleading" under Rule 8 of the Federal Rules of Civil Procedure, asserted "defenses" "[i]n responding to a pleading," must be stated "in short and plain terms...." Rule 8(b)(1)(A). Affirmative defenses "must affirmatively state any avoidance or affirmative defense," including any of the 19 defenses listed in Rule 8(c)(1).

An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters. *White v. De La Osa,* 2011 WL 1559826, 2 (S.D.Fla. 2011). An attack on a plaintiff's *prima facie* claim is a "negative defense," rather than an affirmative defense, which must plead "matter that is not within the claimant's prima facie case." 2A Moore's Federal Practice ¶ 8.27[1] (2d Ed. 1992). *See also Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir. 1990) (affirmative defenses do not controvert proof of the claim to which they are addressed). Bare legal conclusions are never sufficient, *Heller Financial, Inc. v. Midwhey Powder Co., Inc*., 883 F.2d 1286, 1295 (7th Cir. 1989), and district courts have considerable discretion under Rule 12(f) to strike claimed defenses that do not give fair notice and merely clutter the pleadings. *See Delta Consulting Group, Inc.,* 554 F.3d at 1141-42; *State Farm Fire & Cas. Co.*, 2011 WL 133014, 1.

There are two potential questions raised by the plaintiff's motion. First, whether *Bell Atlantic v. Twombly,* 550 U.S. 544, 562-63 (2007), which retired the *Gibson v. Conley* test of sufficiency, and *Ashcroft v. Iqbal*, __ U.S.__ , 129 S.Ct. 1937(2009), are to be applied to affirmative defenses as well as to claims for relief under Rule 8(a)(2). The second is whether the exceedingly sketchy and conclusory allegations in Chase's affirmative defenses pass muster under pre-*Iqbal* cases. Today, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* __ U.S.__, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570).

Although *Twombly* and *Iqbal* dealt with the detail required in the allegations of a complaint, courts in this and many other districts have extended *Twombly*'s heightened pleading standard to

3

affirmative defenses. *See e.g., State Farm Fire & Cas. Co. v. Electrolux Home Products, Inc.*, 2011 WL 133014, 1 -2 (N.D.Ill. 2011)(St. Eve, J.); *Kimbrew v. Advocate Health and Hospitals Corp.*, 2010 WL 5135908, 1 (N.D.Ill. 2010)(Hibbler, J.); *On Command Video Corp. v. Roti*, 2010 WL 1752350, 4 (N.D.Ill. 2010)(Gettleman, J.); *Bank of Montreal v. SK Foods, LLC*, 2009 WL 3824668, 3 (N.D.Ill. 2009)(Gottschall, J.); *Sanders v. Continental Collection Agency, Ltd.*, 2011 WL 1706911 (D.Colo 2011); *White*, 2011 WL 1559826, 2. *Compare Wilbert Funeral Services, Inc. v. Custom Services Unlimited, LLC*, 2010 WL 4627663, 2 (N.D.Ill. 2010)(Feinerman, J.)(calling it an "open question," but deciding that affirmative defense did not meet pre-*Twombly* requirements).[1] *Contra Leon v. Jacobson Transp. Co., Inc.*, 2010 WL 4810600, 1 (N.D.Ill. 2010)(Marovich, J.)(finding *Twombly* and *Iqbal* inapplicable); [2] *Schlief v. Nu-Source, Inc.,* 2011 WL 1560672, 9 (D.Minn. 2011)(same); *Falley v. Friends University*, 2011 WL 1429956 (D.Kan. 2011)(same)(collecting cases on both sides of the issue); *Tyco Fire Products LP v. Victaulic Co.*, _F.Supp.2d_, 2011 WL 1399847, 1 (E.D.Pa. 2011)(collecting cases on both sides of the issue).[3]

---

[1] The court noted that while there were no appellate court decisions applying *Twombly* and *Iqbal* to affirmative defenses, "most district courts" have done so. *See* 2010 WL 4627663, at 2 (collecting cases).

[2] Judge Marovich reasoned that "the driving force behind *Twombly* and *Iqbal* was to make it more difficult to use a bare-bones complaint to open the gates to expensive discovery and force an extortionate settlement. The point was to reduce nuisance suits filed solely to obtain a nuisance settlement." He concluded there was not the same risk in connection with affirmative defenses that warranted "extending" *Twombly* and *Iqbal.* 2010 WL 4810600, 1. Other pragmatic reasons that underlay this conclusion were the shortness of time that a defendant has to answer, the undesirability of ruling on multiple motions to amend the answer that would result from "extending" *Iqbal* and *Twombly* and avoiding discovery disputes that would develop as a defendant seeks discovery related to affirmative defenses "it had not stated in its answer." 2010 WL 4810600, 1.

[3] While it may be a stretch to say of the more than 100 cases that have considered the applicability of *Iqbal* and *Twombly* to affirmative defenses, that the "'vast majority of ... districts'" are in favor of the application, *J&J Sports Productions, Inc. v. Mendoza-Govan*, 2011 WL 1544886 (N.D.Cal. 2011), it does appear that a majority are.

As in *Wilbert Funeral Services, Inc., supra*, it is unnecessary to decide the question of the applicability of *Twombly* and *Iqbal* to affirmative defenses.  Even before *Iqbal* and *Twombly*, the required short and plain statement of the "claim showing that the plaintiff is entitled to relief" under Rule 8(a)(2) had to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  The same was true of affirmative defenses under Rule 8(b)(a)(A).  In the instant case, Chase's affirmative defenses are inadequately pled under pre-*Twombly* case law since, with perhaps the exception in the second defense, they do not give fair notice of what is being alleged.  Viewed separately, as Chase has set them out, the defenses are nothing more than statements that do not provide fair notice to the plaintiff.  Rule 12(f) provides the mechanism for remedying such deficiencies.

Indeed, Chase essentially concedes that its drafting might have been more precise. Nonetheless, it argues that it has sufficiently "alleged, in a series of defenses, that the charges [at issue] were not 'unauthorized' but were instead the product of an authorized consumer-merchant relationship . . . ." (*Chase's Response to Motion to Strike*, at 4-5).  Chase goes on to explain that it is claiming that the plaintiff gave his credit card number to merchant that he authorized to post charges to his account.

It would thus appear that what Chase was trying to do, although somewhat imprecisely, was to interpose a defense that the plaintiff authorized the use of his card, taking it out of the purview of TILA, which "Congress enacted ... 'in large measure to protect credit cardholders from unauthorized use perpetrated by those able to obtain possession of a card from its original owner.'" *DBI Architects, P.C. v. American Express Travel-Related Services Co., Inc*. 388 F.3d 886, 889(D.C.

Cir.2004). *See* 15 U.S.C. §1643; *Minskoff v. American Exp. Travel Related Services Co., Inc.*, 98 F.3d 703, 709 (2nd Cir. 1996). But when the gist of a party's affirmative defense does not become apparent until its response to a motion to strike the defense, that defense is insufficient. In the instant case, the twelve, separately numbered affirmative defenses may be "short," but they are certainly not the required "plain" statements that give the plaintiff adequate notice of what is being alleged.[4]

"Unauthorized use" would appear to qualify as an affirmative defense rather than merely a denial of plaintiff's allegations, which would not. Under TILA, Chase has the burden of proving unauthorized use. "Congress strictly limited the cardholder's liability for "unauthorized" charges [and] . . . placed the burden of establishing cardholder liability on the card issuer . . . ." *DBI Architects*, 388 F.3d at 889. But unauthorized use is neither twelve, separate affirmative defenses nor a single defense with twelve, legally cognizable, separate parts, even if there are multiple instances of authorized use. Chase's affirmative defenses are stricken with leave to replead "unauthorized use" as a single defense with supporting factual allegations.

The plaintiff's motion to strike [Dkt. # 20] is GRANTED.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: May 25, 2011

---

[4] Chase's brief cites no case supporting its position that "unauthorized use" is an affirmative defense. It simply argues that "unauthorized use" is defined in the statute. (*Response* at 3). But that does not determine whether such usage is an affirmative defense.