**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **RONALD RIEMER,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 6150 |
| | ) | |
| v. | ) | **Magistrate Judge** |
| | ) | **Jeffrey Cole** |
| **CHASE BANK USA , N.A.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has moved pursuant to Rule 12(f), Federal Rules of Civil Procedure, to strike Chase's two "Affirmative Defenses." This follows on the heels of his successful motion to strike Chase's original 13 Affirmative Defenses. *See Riemer v. Chase Bank USA, N.A.,* _F.R.D._, 2011 WL 2110242 (N.D.Ill. 2011).[1] In pertinent part, Rule 12(f) permits a district court, on motion of a party, to "order stricken from any pleading any insufficient defense or any redundant...matter." The first repled defense is that Mr. Riemer authorized the merchants involved in this case to use his credit card and to post charges to his account. The plaintiff does not dispute the sufficiency of this defense, at least as it pertains to Count I, under TILA. *DBI Architects, P.C. v. American Express Travel-Related Services Co., Inc*. 388 F.3d 886, 889 (D.C. Cir. 2004).

He does, however, contend that it is not a defense to the non-federal claims in Counts II, III and IV. Count II is for specific performance, Count III is for unjust enrichment, and Count IV is for

---

[1] It is certainly not clear that the two repled defenses qualify as affirmative defenses, which by definition, admit the allegations in the complaint but avoid liability by new allegations of excuse, justification, or other negating matters. *Riemer*, 2011 WL 2110242, 2. The "Affirmative Defenses" in Chase's "Corrected Answer" incorporate by reference all the allegations in the complaint, but then go on to deny all those allegations. But this is not an argument advanced by the motion to strike.

promissory estoppel. All the counts are based on the plaintiff's allegations that Chase has recovered the sums allegedly charged on his credit card and that it assured him the outstanding charges would be reversed. Chase has denied these allegations in its Corrected Answer and Affirmative Defenses. It has gone farther and alleged that employees of Chase actually spoke to Mr. Riemer and were assured by him that he had engaged in the internet gambling transactions that resulted in the charges on his credit card. The motion to strike, however, depends on the truth of the very allegations Chase disputes. For example, if Chase had admitted recovering the monies due, it could not seek the same amounts from the plaintiff for that would constitute an impermissible "windfall" to Chase, as Chase's counsel conceded at the argument today. But Chase does not admit that it recovered the funds or that it assured Mr. Riemer that the charges would be cancelled.

The motion to strike also disputes the Second Affirmative Defense that alleges that the charges that Mr. Riemer allegedly incurred in connection with internet gambling violated the terms and conditions of his card member agreement with Chase, and that "his claims arising therefrom are barred as a result." (Second Aff. Defense, ¶16). Mr. Riemer's argument that this defense is duplicative of the first defense is mistaken. Of course, for it to apply, Mr. Riemer must have authorized the charges – which he denies. But that does not mean that nothing new has been added. While Mr. Riemer's argument is not without some plausibility, at this early stage of the case, it would be imprudent to strike the defense. It may ultimately prove to be unavailing. But only time will tell.

Finally, as noted above, the remaining arguments in the motion to strike are all predicated on the truthfulness of Mr. Riemer's allegations. Of course, if those allegations were admitted by Chase, the analysis would be different, and the defenses might not be viable. For example, if Chase

conceded that it had collected from a third party the amounts it claims are due from Mr. Riemer, it might well constitute unjust enrichment for Chase to collect the same amounts from Mr. Riemer. Similarly, if Chase admitted that it had promised Mr. Riemer that it would reverse the charges on his account, perhaps Mr. Riemer's promissory estoppel argument might be meritorious. But Chase has denied the critical allegations, and thus, the motion to strike cannot delusively proceed as though those denials did not exist.

Apart from not citing a single case and taking no note of Chase's factual denials in the Corrected Answer and its allegations in the Affirmative Defenses, the motion to strike puts out of view the exacting standards governing motions under Rule 12(f). Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990). *See Waste Management Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001).[2] A motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact, especially where, as here, there has been no discovery, and the factual issues on which the motion to strike largely depends are disputed. *See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2nd Cir. 1984), *rev'd on other grounds,* 478 U.S. 1015 (1986); *E.E.O.C. v. Kelley Drye & Warren, LLP,* 2011 WL 3163443, 5 (S.D.N.Y. 2011). A court enjoys substantial discretion under Rule 12(f). That discretion, however, must take note of the overarching principle that striking a defense is a "drastic remedy," which is disfavored and seldom granted. It is only when the defense on its face is patently

---

[2] This is not meant to suggest that the current motion was not made in good faith. I am confident that it was.

frivolous or clearly invalid, that Rule 12(f) requires that it be stricken. And that generally occurs only if it appears that the defendant cannot succeed under any set of facts that appear in or which may fairly be inferred from the defendant's pleading. *Id.*

The two defenses raised by Chase are set forth with the clarity and brevity that Rule 8 demands. The basic objective of Rule 8 and of pleading rules generally is to avoid having civil cases turn on the hyper-technicality that characterized the unhappy regime of common law pleading with its endless dueling over trifles and forms and elaborate specificity. What is required today is that the opposing party be given fair notice of the nature and basis of the claim or defense. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403-404 (7th Cir. 2010). Chase's two defenses, whether or not they are appropriately denominated as "Affirmative Defenses," satisfactorily fulfill this function.

The plaintiff's motion to strike [Dkt.# 57] is DENIED.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 8/2/11